Cunningham, Presiding Judge.
On April 4tli, 1908, appellee, while walking on the sidewalk on the easterly side of Eighteenth Street, between California and Stout streets, in the city of Denver, between two and three o’clock in the afternoon, caught her foot in an upturned corner of a woven wire mat lying npon the sidewalk in front of the Lewiston Hotel, which was at the time under lease to and being operated by appellant. As a result of the plaintiff’s tripping upon *87 the mat, she was thrown to the. sidewalk and sustained serious bodily injury not necessary to be described. The corner of the mat was upturned to the extent of about" two inches. The mat was about twenty-two inches in width by thirty inches in length. Plaintiff was wholly unaware of the existence of the mat upon the sidewalk. The jury returned a verdict in favor of plaintiff in the sum of $600, upon which judgment was entered, after motion for new trial had been overruled, and the defendant brings the case here on appeal.
No exceptions were preserved to the instructions, nor are the same set forth in the abstract. It must be assumed, therefore, that both the question of negligence .and contributory negligence, which were plead by the defendant, were submitted to the jury under proper instructions.
Each member of the court has given to the record in this case, which is short, much more than the ordinary consideration, because of our unwillingness to disturb the judgments of trial courts. The evidence of negligence in this case is meager in the extreme. There is nothing in the record to indicate, or from which an inference can be drawn, who' was responsible for removing the mat from within the hotel, where it belonged, to the place where it was, upon the sidewalk, unless the doctrine of res ipsa loquitur is invoked, and this doctrine can be applied only upon the theory that because the mat was the property of the hotel company, and under its exclusive control, and belonged within the hotel, and was found without the hotel on the walk, its presence in an improper place, under such circumstances, called for an explanation from the defendant; and she, having failed to make any explanation satisfactory to the jury, their finding of negligence was warranted. There was some vague testimony given by one of the employes of the hotel to the effect that baggagemen sometimes, in remov *88 ing trunks from the hotel, dragged this mat out upon the sidewalk, hut that the mat reached the sidewalk on the day of the accident in this manner the witness did not pretend to say. There was no evidence whatever to indicate how long the mat had been upon the sidewalk prior to the time when plaintiff tripped upon it and received her injuries. The members of the court are not in accord as to whether or not the doctrine of res ipsa loquitur can be invoked by the plaintiff in this case, but in view of a certain incident that occurred during the progress of the trial, to which we shall presently advert, it is the unanimous opinion of the court that the judgment ought to -be reversed and the cause remanded for re-trial.
The case was called for trial on June 10th, and was continued through the 11th, at least, as the verdict was not returned into' court until June 12th. On the first day of the trial,- and a considerable length of time before the taking of testimony had been concluded (the record showing some fifty-fo.ur folios of testimony taken after the incident to which we are about to allude) the trial judge excused the jury, and called two witnesses of the defendant before the bar of the court, and told them that he believed they had committed deliberate and wilful perjury, and ordered them to be placed under bond in the sum of $1,000 to await the action of the district attorney. We are unable to discover anything in the testimony of the two witnesses that would warrant so drastic an action on the part of the trial judge. The effect of the judge’s severe arraignment of the witnesses, and his placing them under arrest or bond, would naturally tend to overawe any other witnesses which the defendant might have desired later to call, and could have had no other effect than to terrorize the two witnesses in question, whose further testimony. might well have 'been highly advantageous to the defendant at a later stage of the case. *89 The jury, it is true, was excused at the time of the occurrence we are considering, but it occurred in open court, apparently in the presence of the litigants and their counsel and, .so far as the record discloses, in the presence of everyone connected in any way with the trial save the jury. As we have already stated, this transaction occurred during the first day of the trial, and the record discloses that one of the evening papers published in the city of Denver on that day contained an account thereof.
Decided April 14, A. D. 1913.
Rehearing denied May 12, A. D. 1913.
We are loath to criticize the conduct of trial judges, for we recognize that their duties are arduous, and of necessity they are often called upon to hastily determine and summarily perform them. But their very great power and their tremendous influence upon the results of a trial call for extreme caution and great self-restraint, to the end that this power and influence be so exercised as to protect, rather than endanger, the rights of litigants who appear in their courts. Where witnesses of one of the parties to a suit are promptly, upon leaving the stand, and in .the midst of the trial, called by the trial judge to the bar of the court and publicly denounced as perjurers, and placed under arrest, it seems probable that the rights of such party would be thereby prejudiced.
In view of the unsatisfactory character of the evidence given in this case on the question of defendant’s negligence, it is the more probable that the conduct of the trial judge, to which we have called attention, prejudiced her rights.
For the reasons given above the judgment is reversed, and the cause remanded for a new trial.

Reversed and Remanded.