■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN DAVISON, Appellant.— Appeal from a judgment of the County Court, Richmond County, convicting appellant of burglary in the third degree and petit larceny. Judgment reversed on the law and the facts and a new trial ordered. Some 10 months before the trial the complaining witness in testifying before the Magistrate and before the Grand Jury had identified appellant as being one of the participants in the crimes. On the trial, however, he at first testified he could not identify appellant. Thereupon, the court excused the jury and informed the witness he had committed perjury at least six times, for which the maximum penalty was imprisonment for 30 years, and stated he would direct the district attorney to present a transcript of his testimony to the Grand Jury. Thereafter, said witness resumed the stand and definitely identified appellant. He was the only witness at the trial to do so. Later, on cross-examination, he admitted that the aforesaid admonition by the court

had made him afraid "some". The court's conduct, which was so severe as to put the witness in fear of the consequences of testifying freely, deprived appellant of a fair and impartial trial and constituted prejudicial error. (*McNutt* v. *United States,* 267 F. 670; *Watkins* v. *State,* 222 Ark. 444; *Hampton* v. *State,* 120 Tex. Crim. Rep. 158; *Hill* v. *Sullivan,* 24 Colo. App. 86; 88 C. J. S., Trial, § 52; 3 Am. Jur., Appeal and Errors, § 1054; 39 Am. Jur., New Trial, § 50.) Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.